Submitted on briefs November 3, affirmed November 29, 1983

MEYER,
*Plaintiff-Appellant,*
*v.*
CALDWELL et al,
*Defendants-Respondents.*
(TC A8105-02926, SC 29386)
672 P2d 342

Gil Meyer, Fairview, pro se, filed the brief for plaintiff-appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Deputy Attorney General, James E. Mountain, Jr., Solicitor General, and Helen M. Rockett, Assistant Attorney General, Salem, filed the brief for defendants-respondents.

PER CURIAM

## PER CURIAM

We accepted certification of this case from the Court of Appeals because the members of that court were at that time defendants in another action brought by this plaintiff, ORS 19.210, ORAP 17.05. This is an appeal from a summary judgment in an action for money damages entered in favor of defendants.[1]

■ Plaintiff first challenges whether a judge, other than the judge to whom the case was originally assigned, may hear and decide a motion for summary judgment. ORS 3.065(3)[2] and Multnomah County Court Rules 1.03(b)[3] and 4.02(2)[4] clearly give the presiding judge broad discretionary authority to assign cases. ORS 14.260,[5] ORS 14.270,[6] and Multnomah

---

[1] The civil action was filed against defendants as the result of an oral order by Judge Nash directing defendants to remove plaintiff from the courtroom when he refused to stop reading the Declaration of Independence and the United States Constitution at a hearing in a small claims matter.

[2] ORS 3.065(3) provides:

"The presiding judge, to facilitate exercise of administrative authority and supervision over the court and consistent with applicable provisions of law in the Oregon Rules of Civil Procedure, may:

"(a) Apportion and otherwise regulate the disposition of the judicial business of the court.

"(b) Make rules, issue orders and take other action appropriate to that exercise."

[3] Multnomah County Circuit Court Rule 1.03(b) provides:

"Whenever the Presiding Judge determines that he cannot promptly hear [matters requiring disposition preliminary to the trial] he shall assign such matters to another Judge of the Fourth Judicial District, * * *."

[4] Multnomah County Circuit Court Rule 4.02(2) provides:

"Upon application by either attorney or upon the Court's own motion a case may, in the discretion of the Presiding Judge, be specially assigned for all pre-trial and trial activities, unless the assignment order specifies to the contrary."

[5] ORS 14.260 provides:

"Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the prejudice described in ORS 14.250 by motion supported by affidavit that the judge before whom the cause, matter or proceeding is pending is prejudiced against such party or attorney, or the interest of such party or attorney, so that such party or attorney cannot or believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay. The affidavit shall be filed with such motion at any time prior to final determination of such cause, matter or proceedings in uncontested cases, and in contested cases before or within five days after such cause, matter or proceeding is at issue upon a question of fact or within 10 days after the assignment, appointment and qualification or election and assumption of office of another judge to preside over such cause, matter or proceeding. * * *"

[6] ORS 14.270 provides:

County Court Rule 4.06(9)[7] prescribe a procedure by which plaintiff could have petitioned for a change of judge. Plaintiff did not follow the procedure. There was no error in the reassignment of plaintiff's case.

Plaintiff next contends that the order is incomplete and therefore prejudicial because it did not reflect his objections to the judge, the form of the order and the date of the hearing. The judgment[8] entered in the case is in compliance with ORCP 70.[9] Plaintiff's claim is without merit.

---

"In any county where there is a presiding judge who hears motions and demurrers and assigns cases to the other judges of the circuit court for trial, the affidavit and motion for change of judge to hear the motions and demurrers or to try the case shall be made at the time of the assignment of the case to a judge for trial or for hearing upon a motion or demurrer. Oral notice of the intention to file the motion and affidavit shall be sufficient compliance with this section providing that the motion and affidavit are filed not later than the close of the next judicial day. * * *"

[7] Multnomah County Circuit Court Rule 4.06(9) provides:

"At the time of assignment of a case for trial, an attorney or party shall forthwith advise the Presiding Judge in open court that a motion and statutory affidavit of prejudice for change of judge will be filed, in accordance with the provisions of ORS 14.270, during the day against the Trial Judge assigned the case. Failure to so notify the Presiding Judge of intent to file an affidavit of prejudice shall constitute a waiver to file an affidavit."

[8]                              "FINAL JUDGMENT

"Orders having been entered herein dismissing plaintiff's claim for declaratory relief and allowing defendants' motions for summary judgment on the money damage claim asserted by plaintiff, and it appearing that all of plaintiff's claims have been adjudicated and that it is now appropriate that final judgment be rendered thereon, it is hereby

"ORDERED, ADJUDGED AND DECREED that the within action is dismissed with prejudice and that defendants Robert M. Caldwell, Roy B. Wilms, William R. Canessa, Donald Nash, John Williams, and Victor Atiyeh have and recover judgment against plaintiff Gil Meyer for their costs incurred herein, taxed in the amount of $80.00.

"DATED this 29 day of October, 1982.

/s/ Robert W. Redding
"ROBERT W. REDDING
"Circuit Court Judge"

[9] ORCP 70 provides in pertinent part:

"A. Form. Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document. * * * No particular form of words is required, but every judgment shall specify clearly the party or parties in whose favor it is given and against whom it is given and the relief granted or other determination of the action. * * *"

■ In his third assignment of error plaintiff argues that the court could not decide a summary judgment motion on the basis of affidavits but was required to take the testimony of witnesses. The procedure leading up to the consideration of a motion for summary judgment is set out in ORCP 47 which provides in pertinent part:

"A. For claimant. A party seeking to recover upon a claim * * * may * * * move, with or without supporting affidavits, for a summary judgment in that party's favor upon all or any part thereof.

"* * * * *

"C. Motion and proceedings thereon. * * * The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law * * *.

"D. Form of affidavits; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *"

There is no statutory basis in Oregon requiring in-court testimony of witnesses in a summary judgment proceeding.[10] The judge was not required to take the testimony of witnesses; there is no error.

The judgment of the trial court is affirmed.

---

[10] Plaintiff cites us to Deuteronomy 19:15 for the proposition "* * * at the mouth of two witnesses, or at the mouth of three witnesses, shall the matter be established."