Argued and submitted July 30, reversed and remanded December 19, 1984, reconsideration denied February 15, petition for review allowed March 19, 1985 (298 Or 822)
See 299 Or 608, 705 P2d 192 (1985)

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES CLEVE HILBORN,
*Appellant.*

## (MC 83-2164; CA A30898)

692 P2d 1383

Dwight Ronald Gerber, Florence, argued the cause and filed the briefs for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII). ORS 487.540. He challenges the trial judge's denial of his pretrial motion for change of judge and the refusal to grant a hearing on his motion to suppress. We reverse.

Defendant was arrested for DUII in September, 1983, in Coos County. On October 13, 1983, he received a notice that the case had been set for trial on January 4, 1984. On November 15, 1983, 50 days before the scheduled trial, defendant filed a motion for change of judge, claiming that the judge was prejudiced against him. The judge denied the motion, finding that it was not timely filed. Defendant was denied a hearing on his motion to suppress, which was filed on December 27, 1983. Thereafter, the motion was denied, because it had not been timely filed. On the day of trial, defendant moved for reconsideration of both matters, but the judge denied that motion also.

In his first assignment of error, defendant contests the denial of his motion for change of judge. He argues that it was improper for the trial judge to rule on the motion when he was the one sought to be disqualified.

The procedure for disqualification of a circuit court judge for prejudice is contained in ORS 14.250 to 14.270. These provisions are made applicable to district courts by ORS 46.141. The present statutory scheme was adopted to replace *former* ORS 14.220 to 14.240 (*repealed by* Or Laws 1955, ch 408, § 2), which were held unconstitutional because they gave the litigant or his attorney absolute discretion to disqualify judges "for good cause, bad cause or no cause at all." *State ex rel Bushman v. Vandenburg,* 203 Or 326, 337, 276 P2d 432, 280 P2d 344 (1955). "Such a statutory delegation of power to a litigant or to his attorney was manifestly in conflict with the constitutional right of the people to elect judges." *State ex rel Lovell v. Weiss,* 250 Or 252, 254, 430 P2d 357, 442 P2d 241 (1968).

*Bushman* was issued during the 1955 legislative session. The legislature responded by enacting the present statutes, which purport to cure the defects identified in that opinion. Under the present scheme,

"an affidavit of prejudice under ORS 14.260 establishes only the imputation of prejudice, [but,] the imputation, if made in good faith, is sufficient to recuse a judge." *State ex rel Lovell v. Weiss, supra,* 250 Or at 255.

*See also U'Ren v. Bagley,* 118 Or 77, 245 P 1074 (1926). However, an affiant's mere allegation of good faith is not necessarily enough to establish that fact beyond a judge's power to question it. Were that the case, the present provisions would be as constitutionally invalid as their predecessor. *See State ex rel Lovell v. Weiss, supra.* Thus, even though many judges may continue to consider the first two requests for change of judge as automatically allowed, an affiant's allegation of good faith can be challenged by the judge against whom the motion is filed. When that occurs, the matter must be referred to a disinterested judge for a factual determination.[1] 250 Or at 257. Accordingly, when a trial judge who has been challenged under ORS 14.260 questions an affiant's good faith, it would be wrong for that judge to rule on that motion.

On the other hand, ORS 14.250 to 14.270 set forth certain procedural requirements. Obviously, if a movant fails to comply with those procedures, the motion should be denied. Under those circumstances, a ministerial rather than a discretionary act would be involved. Therefore the denial would be proper, even by the judge against whom the motion was filed. *See State v. Nagel,* 185 Or 486, 499, 202 P2d 640, *cert den* 338 US 818 (1949). In this case, the trial judge's refusal to recuse himself involved no discretion, but rather was based on defendant's failure timely to file the motion, as required by ORS 14.260. Accordingly, the trial judge did not act

---

[1] In the event that the trial judge does challenge an affiant's good faith, the affiant must show:

"* * * that his belief is based upon a rational ground and not upon mere pique, whimsy, or imagination.

"The burden of proving good faith, in the particular case in which an affidavit is filed, will be satisfied if the affiant testifies that he has received information about the trial judge which, if true, reasonably could be a basis for a fear of prejudice. The affiant need not prove that the judge is prejudiced, or even prove that the evidence upon which he bases his apprehension is all true. But he must come forward with some evidence, hearsay or otherwise, from which a reasonable person could conclude that anyone possessed of such evidence might reasonably question the trial judge's impartiality in a matter." *State ex rel Lovell v. Weiss,* 250 Or 252, 257-58, 430 P2d 357, 442 P2d 241 (1968).

improperly by ruling on defendant's motion. *See Oregon State Bar v. Wright,* 280 Or 693, 705, 573 P2d 283 (1977).

Defendant also argues, in support of his first assignment, that his motion was in fact timely. ORS 14.260 governs the timing of motions of this type.[2] It provides, in pertinent part:

> "Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the prejudice described in ORS 14.250 by motion supported by affidavit *that the judge before whom the cause, matter or proceeding is pending* is prejudiced against such party or attorney * * *. The affidavit shall be filed with such motion * * * *in contested cases before or within five days after such cause, matter or proceeding is at issue upon a question of fact or within 10 days after the assignment, appointment and qualification * * * of another judge to preside over such cause, matter or proceeding. * * *"* (Emphasis supplied.)

The trial judge interpreted this provision to require the filing of motions within ten days of the assignment of a case to a particular judge.

■■ Although the statute is not a model of clarity, it sets forth two different time lines ("five days" and "10 days") that are applicable to two distinct situations.[3] However, we do not believe that defendant's motion in this case can be called untimely under either time limit. As a matter of common sense, it is obvious that a defendant in a multi-judge district, such as here, would have no reason to object to a particular judge until he knew which judge has been assigned to his case. This common sense approach is reflected in ORS 14.260, which specifically provides that the proper way to establish prejudice is to file a "motion supported by affidavit *that the*

---

[2] ORS 14.260 governs the procedure for making motions of this type in judicial districts of less than 100,000. In judicial districts with populations of over 100,000, or where a presiding judge hears motions and assigns cases to other judges, the procedure is governed by ORS 14.270.

[3] The "five days" language applies to the initial request for a change of judge. It requires that, in contested cases, a party must file a motion within five days after the case is put at issue on a question of fact. The "10 days" language applies to a subsequent motion filed against a judge assigned to replace the judge against whom the original motion was filed. That motion must be filed within ten days after the assignment of the replacement. Because defendant's motion was his first request for a change of judge, he was obligated under the statute to comply with the five-day limit and not the ten-day limit applied by the trial judge.

*judge before whom the cause,* matter or proceeding *is pending* is prejudiced." (Emphasis supplied.) In order to comply with that provision, a party must first know before whom the case is pending. The trial notice received by defendant did not indicate which judge would hear the case.

Nevertheless, the state argues, because Coos County has only two district court judges, there was a 50-50 chance that the allegedly prejudiced judge would be assigned to the case. We are not persuaded. Certainly, the law does not require a defendant in this predicament to be clairvoyant. Accordingly, we hold that, in a multi-judge district, a defendant cannot be required to file a motion for change of judge until he has been notified which judge has been assigned to his case.[4] That was not done here, so the statutory time limits had not begun to run. Therefore, the denial of defendant's motion was erroneous,[5] and his conviction must be reversed.

Our disposition is not intended to indicate whether we believe defendant's motion has any substantive merit. We hold only that the motion was timely filed. Because the trial judge preliminarily ruled that the motion was not timely, he has not yet had the opportunity to consider the question of defendant's good faith. In light of our disposition, this case is back at ground zero. Accordingly, should it be set for retrial on remand, and if defendant timely files another motion for change of judge, the trial judge will then be entitled, in his discretion, to question the good faith of defendant.

In his second assignment, defendant contests the refusal of the trial court to grant a hearing on his motion to suppress. Under Coos County District Court Rule No. 6,

---

[4] We are unable to determine exactly how or when or whether defendant actually learned before trial which judge was assigned to hear his case. Because the record does not contain any official court notification, defendant's motion may have been premature. Even though this argument has not been raised, we see nothing in the statute to prevent a party from filing a motion in anticipation of the assignment of a particular judge, although, as noted above, that kind of precaution is by no means required.

[5] As noted, this case involves a multi-judge district. Accordingly, we deem it inappropriate to speculate on the outcome of a case involving these same issues in the context of a single-judge district. While it would usually be much easier to predict who would be assigned to hear a case in such districts, it also could be argued that one could never predict with absolute certainty, given the frequent use of judges *pro tempore* in this state.

motions to suppress must be filed at least "ten (10) trial days prior to the date set for trial." Defendant's motion arrived by mail at the courthouse nine days before trial. He contends that it was unexpectedly delayed by an ice storm that disrupted mail deliveries. Without expressing any opinion as to the merits of defendant's motion, it is clear that this case is being sent back for a fresh start and that defendant can expect to have all of the rulings considered anew.

Reversed and remanded for further proceedings not inconsistent with this opinion.