Argued and submitted on briefs May 7, reversed and remanded August 20, 1985

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## JAMES CLEVE HILBORN,
*Respondent on Review.*

(83-2164; CA A30898; SC S31455)

705 P2d 192

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were David Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Dwight Ronald Gerber, Florence, argued the cause and filed the briefs for respondent.

CAMPBELL, J.

## CAMPBELL, J.

This is a case of statutory interpretation. The issue is: In a contested case, when is a party required by ORS 14.260 to file a motion to disqualify a judge before whom the cause is pending? The following are relevant portions of ORS 14.260:

"Any party to * * * any cause * * * in a circuit court may establish the prejudice described in ORS 14.250 by motion supported by affidavit that the judge before whom the cause * * * is pending is prejudiced against such party * * *. The affidavit shall be filed * * * in contested cases before or within five days after such cause * * * is at issue upon a question of fact or within 10 days after the assignment, appointment and qualification or election and assumption of office of another judge to preside over such cause * * *. No motion to disqualify a judge or a judge pro tem, assigned by the Chief Justice of the Supreme Court to serve in a county other than the county in which the judge or pro tem judge resides, shall be filed more than five days after the party * * * appearing in the cause receives notice of the assignment."

On September 16, 1983, the defendant was arrested for driving under the influence of intoxicants and cited to appear in the District Court at the Coos County courthouse in Coquille, on October 7, 1983. The defendant entered a plea of not guilty.

On October 13, 1983, notice was sent to the defendant that his trial was set for January 4, 1984, in Coquille. The notice was signed by a "Court Operations Specialist III" and no judge was named or mentioned in the notice. It is conceded by the parties that at all times in question, Coos County had two district court judges. They were Judge Reeves, who normally held court in Coquille, and Judge Jones, who normally held court in North Bend.[1]

On November 15, 1983, the defendant filed a motion

---

[1] ORS 46.025(1)(b) provides that the District Court for Coos County shall be located in:

"The city that is the county seat of Coos County and the City of North Bend, in Coos County. The court shall be considered to be located in both cities."

The parties agree that Coos County does not have a population of over 100,000 people and that the Coos County District Court does not have a "presiding judge who hears motions and demurrers and assigns cases to the other judges * * * for trial," and therefore ORS 14.270 does not apply to this case.

for change of judge and an affidavit of prejudice against the Honorable Charles H. Reeves.[2] Three days later, Judge Reeves denied the motion on the grounds that it was "not timely filed."

On January 4, 1984, before trial, the defendant filed a second motion for change of judge supported by a new affidavit. It was denied. The case was tried by a jury before Judge Reeves. The jury returned a verdict of guilty.

The defendant appealed to the Court of Appeals and assigned as error (1) the trial court's denial of his motion for change of judge, and (2) the refusal to grant a hearing on his motion to suppress. The Court of Appeals reversed the trial court on the first assignment of error, but it did not consider the second assignment because "it is clear that this case is being sent back for a fresh start and that defendant can expect to have all of the rulings considered anew." 71 Or App 534, 540, 692 P2d 1183 (1984).

This court accepted review to consider only the statutory interpretation of ORS 14.260, the change of judge issue. We reverse the Court of Appeals on that issue,[3] but find it necessary to remand to that court to reconsider the second assignment of error.

■ We think that it is important in analyzing ORS 14.260 to recognize the difference between a judge before whom the cause is *pending* and judge to whom the cause is *assigned.* Black's Law Dictionary 1291 (4th ed 1951) defines "pending" as follows:

> "Begun, but not yet completed; during; before the conclusion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is 'pending' from its inception until the rendition of a final judgment."

---

[2] ORS 46.141 provides:

"Judges of a district court may be disqualified for like reasons, upon like procedure and with like results and provisions for obtaining another judge as those which apply to judges of the circuit court under the provisions of ORS 14.210 to 14.270."

[3] In his first assignment of error, the defendant also argued that it was improper for the trial judge to rule on the motion that sought to disqualify him. The Court of Appeals held that the motion was a ministerial rather than a discretionary act and therefore the trial judge did not commit error in that regard. We did not consider this question. Rule 10.15 of the Rules of Appellate Procedure.

*See also Rilcoff v. Superior Court of Los Angeles County,* 50 CalApp 2d 503, 123 P2d 540 (1942); *Spencer v. McDowell Motor Co.,* 236 NC 139, 72 SE2d 598 (1952).

Black's Law Dictionary 152 (4th ed 1951) defines "assign" as follows:

"To appoint, allot, select, or designate for a particular purpose or duty."

■ We agree with the Court of Appeals that ORS 14.260 is not a "model of clarity." However, the statute does provide distinct statutory schemes for the disqualification of judges under three different circumstances.

*First,* the motion and affidavit for change of "judge before whom the cause * * * is *pending*" shall be filed before or within five days after the cause is at issue on a question of fact.

*Second,* the motion and affidavit shall be filed "within 10 days after the *assignment,* appointment and qualification or election and assumption of office of another judge to preside over such cause * * *."

*Third,* "No motion to disqualify a judge or judge pro tem, *assigned* by the Chief Justice * * * to serve in a county other than the county in which the judge * * * resides, shall be filed more than five days after the party * * * receives notice of the *assignment.*" (Emphasis added.)

■ The trial court interpreted ORS 14.260 to require the filing of the motion within 10 days of the assignment of the case to a particular judge. The Court of Appeals held that the defendant's motion in this case was not untimely under either the five-day or the 10-day time limit. 71 Or App at 538. However, it is clear that neither the second or third statutory scheme under ORS 14.260 applies to this case. The second scheme is designed only to provide for the disqualification of "another judge to preside over such cause." The provision is concerned with the second step after a judge has previously been disqualified in the first step. This case is still in the first step. The third statutory scheme is concerned only with the disqualification of judges from other counties who are assigned by the Chief Justice to hear the case. We are not in that situation. This case falls within the first statutory scheme of ORS 14.260 and must be measured against those provisions.

The Court of Appeals was of the opinion that a party

in a multi-judge district, such as here, "would have no reason to object to a particular judge until he knew which judge had been *assigned* to his case." It reasoned that this approach is reflected in ORS 14.260, which specifically provides that the proper way to establish prejudice is to file a "motion supported by affidavit that the judge before whom the cause * * * is *pending* is prejudiced." The Court of Appeals held that in order to "comply with the provision, a party must first know before whom the cause is *pending*" and in this case the trial notice did not indicate which judge would hear the case. 71 Or App at 538-39. (Emphasis added.)

The Court of Appeals concluded:

"Accordingly, we hold that, in a multi-judge district, a defendant cannot be required to file a motion for change of judge until he has been notified which judge has been *assigned* to his case. That was not done here, so the statutory time limits had not begun to run." 71 Or App at 539. (Emphasis added.)

In effect the Court of Appeals held that a case is not *pending* before a particular judge until it is *assigned* to that judge.

The State argues that the Court of Appeals opinion "results in the outright repeal of two separate provisions of the statutes" governing the disqualification of judges: (1) it abolishes the explicit requirement of ORS 14.260 that such motions be filed within five days of case becoming at issue on a question of fact, and (2) it imposes upon small, multi-judge judicial districts the procedure which the legislature prescribed for districts with a population of at least 100,000 or which have a presiding judge as described in ORS 14.270.[4]

---

[4] Because the Court of Appeals opinion by its own wording applies to only multiple-judge districts, it would have the effect of creating one rule for those districts while single judge districts would have a different rule.

It seems to be conceded by the parties that in a single judge district, a case is *pending* before the judge from the date it is filed and therefore under ORS 14.260 the motion and affidavit to disqualify the judge would have to be filed "before or within five days after such cause * * * is at issue on a question of fact." However, under the Court of Appeals opinion, in multi-judge districts the party would not be required to file the motion and affidavit until a particular judge was *assigned* to the case—this would have no relationship to the case being at issue on a question of fact or any particular time limit.

It is clear that single judge districts are covered by ORS 14.260 and judicial districts "having a population of 100,000 or more" are covered by ORS 14.270.

The defendant counters the State's arguments by contending that by reading the singular language of ORS 14.260 describing "the judge" with the provision of the same statute that the motion and affidavit for change of judge shall be filed "within 10 days after the assignment, appointment and qualification or election and assumption of office of another judge to preside over such cause" clearly contemplates that the cause is pending before a single magistrate, or "the judge." The defendant is discussing the second statutory scheme under ORS 14.260 to which we referred previously.

The singular phrase "the judge," in the statute in question can be explained by the fact that the legislature may have contemplated that only one judge would be disqualified by a single motion and affidavit. However, that would not prevent more than one motion and affidavit from being filed at the same time. Under the 10-day or second statutory scheme, the "appointment and qualification or election and assumption of office of another judge to preside over such cause" presents no problem. That clause clearly applies to new judges — either by appointment by the governor or election by the people. The phrase "assignment * * * of another judge" is a different problem. It does not refer to judges or judges pro tem from other counties. They are provided for under the third statutory scheme of ORS 14.260. "Assignment" in the context that it is used could easily refer to other local judges who are not the regular or "official" judges of the court in question — such as, senior judges, pro tems, or judges from a different court level.

We agree with the State's position as to the effect of the Court of Appeals opinion.

We hold that this case was pending before both Judge Reeves and Judge Jones from the date that the citation was

---

According to the 1982 census listed in the Oregon Blue Book, 10 circuit court judicial districts and six district court districts have a population of over 100,000. There are four circuit court districts and 11 district court districts that have only one judge. That leaves only four circuit court districts and seven district court districts that may be affected by the opinion in this case. These numbers could be reduced further if a county has a population of less than 100,000, but has "a presiding judge who hears motions and demurrers and assigns cases to other judges" for trial. ORS 14.270. (Please note that ORS 14.260 refers to the "judicial *districts* having a population of 100,000 or more" and that ORS 14.270 refers to "any *county*" where there is a presiding judge * * *.") (Emphasis added.)

filed. Both of the judges had "jurisdiction" over the case. Either judge could have arraigned the defendant, set bail, heard motions or tried the case. Although it appears from the record that Judge Reeves was actively handling the case, there was nothing except good manners to prevent Judge Jones from also ruling upon matters presented to him. For example Judge Jones could have allowed an ex parte motion to reduce bail. The case was "at issue on question of fact" when the defendant entered his plea of not guilty. *State v. Crosby,* 217 Or 393, 396, 342 P2d 831 (1959). The five-day period in which to disqualify Judge Reeves or Judge Jones had expired prior to November 15, 1983, when the defendant filed his motion. It follows that the motion to disqualify Judge Reeves was not timely filed.

We reverse and remand to the Court of Appeals.