Argued and submitted May 17, 1985, affirmed July 2, reconsideration denied September. 12, petition for review denied September 30, 1986 (302 Or 36)

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD HAROLD GRAHAM,
*Appellant.*

(82-2097, 83-2352; CA A32647 (control), A32648)

721 P2d 480

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions for escape in the first degree and assault in the third degree. Of his four assignments, we discuss only the first. He contends that the trial court erred in denying as untimely his motion to disqualify the trial judge. Under our decision in *State v. Hilborn,* 71 Or App 534, 692 P2d 1383 (1984), defendant might have prevailed. However, under the Supreme Court's decision, he does not. *State v. Hilborn,* 299 Or 608, 705 P2d 192 (1985).

The issue is the meaning of ORS 14.260, which, in relevant part, provides:

> "Any party to * * * any cause * * * in a circuit court may establish the prejudice described in ORS 14.250 by motion supported by affidavit that the judge before whom the cause * * * is pending is prejudiced against such party * * *. The affidavit shall be filed * * * in contested cases before or within five days after such cause * * * is at issue upon a question of fact * * *."

The Supreme Court held in *Hilborn* that, in multi-judge districts, a case is "pending" before all of the judges who might hear the case from the date the citation is filed[1] and is at issue on a question of fact when the defendant enters his plea, which, in this case was on February 3, 1984. Defendant had five days from that date within which to file a motion to have any judge disqualified who might be assigned his case. His motion was not filed until February 28, 1984; therefore, it was not timely.

We have considered the other assignments and find no error.

Affirmed.

---

[1] In *State v. Hilborn, supra,* this court held that a case is not *pending* before a particular judge until it is *assigned* to that judge and concluded that only after assignment to a particular judge did the five day time limit begin to run.