Argued and submitted November 9, 1990, affirmed January 23, 1991

## STATE ex rel Dave FROHNMAYER,
*Respondent,*

*v.*

## Douglas LOW,
aka Johnny Ted Nash,
*Appellant,*
Linda Mae RARIDON,
aka Linda Low, and John Odis Lowe,
aka John O. Kidd,
*Defendants.*

(88-2067; CA A62460)

804 P2d 1217

Nicholas D. Zafiratos, Astoria, argued the cause for appellant. With him on the brief was Zafiratos & Roman, Astoria.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from an order denying his motion to set aside a default judgment. ORCP 71B(1)(d).[1] He argues that the judgment is void for lack of proper service. He also challenges the denial of his later motion to recuse the trial judge and the court's refusal to allow him to present oral testimony in support of his ORCP 71B motion. We affirm.

Plaintiff filed a complaint seeking damages and a forfeiture of defendant's property.[2] Service was made on defendant by delivering a copy of the summons to his wife at an address in Fresno, California. ORCP 7D(2)(b). Plaintiff mailed a copy of the summons and complaint to defendant at the same address. A judgment by default was entered after defendant failed to make an appearance. Approximately eight months later, defendant filed a motion to set aside the judgment. He also filed a motion to recuse the judge under ORS 14.260. Both motions were denied.

The trial court ruled that the motion to recuse was untimely. Defendant argues that it had no authority to make that ruling because, under ORS 14.260(1), a challenged judge cannot rule on ministerial questions, such as the timeliness of a motion to recuse. ORS 14.260(1) provides:

> "Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the belief described in ORS 14.250 by motion supported by affidavit that such party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay. No specific grounds for the belief need be alleged. Such motion shall be allowed unless the judge moved against, or the presiding judge in those counties where there is one, challenges the good faith of the affiant and sets forth the basis of such challenge. In the event of such challenge, a hearing shall be held before a disinterested judge. The burden

---

[1] ORCP 71B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: * * * (d) the judgment is void * * *."

[2] Plaintiff's original complaint was filed against three parties. Defendant Douglas Low is the only party to this appeal.

of proof shall be on the challenging judge to establish that the motion was made in bad faith or for the purposes of delay."

ORS 14.260(2) and ORS 14.260(3) describe when a motion under ORS 14.260(1) must be filed.[3] They do not specifically address the issue raised by defendant.

■    Before 1987, a challenged judge could rule on ministerial matters, such as the timeliness of a motion to recuse. *See Oregon State Bar v. Wright,* 280 Or 693, 705, 573 P2d 283 (1977); *State v. Nagel,* 185 Or 486, 499, 202 P2d 640, *cert den* 338 US 818 (1949); *State v. Hilborn,* 71 Or App 534, 537, 692 P2d 1383 (1984), *rev'd on other grounds,* 299 Or 608, 705 P2d 192 (1985);[4] *Duncan v. Augter,* 62 Or App 250, 259 n 2, 661 P2d 83, *rev den* 295 Or 122 (1983). In 1987, the legislature amended ORS 14.250 and ORS 14.260(1). Or Laws 1987, ch 338. However, the amendments did not address the pre-1987 law with regard to whether a challenged judge could rule on ministerial matters.[5] Because the legislature did not change the pre-1987

---

[3] ORS 14.260(2) and ORS 14.260(3) provide:

"(2) The affidavit shall be filed with such motion at any time prior to final determination of such cause, matter or proceedings in uncontested cases, and in contested cases before or within five days after such cause, matter or proceeding is at issue upon a question of fact or within 10 days after the assignment, appointment and qualification or election and assumption of office of another judge to preside over such cause, matter or proceeding.

"(3) No motion to disqualify a judge shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding. No motion to disqualify a judge or judge pro tem, assigned by the Chief Justice of the Supreme Court to serve in a county other than the county in which the judge or judge pro tem resides shall be filed more than five days after the party or attorney appearing in the cause receives notice of the assignment."

[4] In *Hilborn,* the Supreme Court did not consider this issue on review. *See* 299 Or at 611 n 3.

[5] Before the 1987 amendments, the procedure to disqualify a judge was to file a motion alleging a good faith belief that the judge was prejudiced. No specific facts showing that the judge was prejudiced had to be alleged. In 1987, the Supreme Court held that a party must allege circumstances that would permit a reasonable belief that the party would not receive a fair trial and also required a party to allege a direct bias, as opposed to a general or philosophical bias. *State ex rel Oliver v. Crookham,* 302 Or 533, 731 P2d 1018 (1987).

In response to *Oliver,* the legislature amended ORS 14.250 and 14.260(1). Or Laws 1987, ch 338. In *State ex rel Ray Wells, Inc. v. Hargreaves,* 306 Or 610, 614, 761 P2d 1306 (1988), the Supreme Court discussed the statutory changes:

"First, the legislature eliminated the requirement, first stated in *Oliver,* for the affiant to allege 'circumstances' leading to the belief that a fair and impartial trial cannot be had before the challenged judge. Second, the legislature struck the

law in this regard, the trial court had authority to rule on the issue of timeliness.

■    Defendant argues that the trial court erred in ruling that the motion for change of judge was not timely filed. He asserts that the motion to set aside the judgment was a new proceeding and that the motion for change of judge was timely filed under ORS 14.260(2), because it was filed within five days after the matter became "contested." We disagree. Defendant's motion to set aside the judgment under ORCP 71 was not separate from the proceeding that resulted in the default judgment. Both ORCP 71C and 71D refer to filing an "independent action" to relieve a party from a judgment.[6] When ORCP 71C was enacted, the Council on Court Procedures recognized that other methods of seeking vacation of a judgment, such as a separate action for equitable relief or a

---

requirement for alleging that the challenged judge was 'prejudiced'; henceforth, the affidavit may allege *solely* the belief that a 'fair and impartial trial or hearing' cannot be had before the challenged judge. Third, the legislature shifted the burden of proof onto the challenged judge to prove bad faith at the hearing requested by the judge questioning the affiant's good faith. Previously, the burden had been upon the affiant to prove that the motion to disqualify the judge was made in good faith and not for purposes of delay." (Citations omitted; emphasis in original.)

There is nothing in the legislative history of the 1987 amendments to indicate that the issue in this case, whether a judge against whom a motion to recuse has been filed may rule on the timeliness of the motion, was discussed. However, the overall intent of the amendments was to restore the law to practices existing before *Oliver* and to clarify the procedure by which a judge can challenge the motion. Minutes, House Judiciary Subcommittee No. 1, February 24, 1987, Tape 177; Minutes, House Judiciary Committee, March 17, 1987, Tape 261 and 262; Minutes, Senate Committee on Judiciary, April 29, 1987, Tape 122, Side B, Tape 123, Side B; House Floor Debates, March 31, 1987, Tape 9; Senate Floor Debates, May 28, 1987, Tape 142 and 143. Before *Oliver,* a judge against whom a motion to recuse had been filed could rule on ministerial matters, such as timeliness of the motion and whether the movant had complied with procedural requirements. In the light of the previous case law, the failure of the legislature to change that rule is deemed to reflect legislative intention. *State v. Waterhouse,* 209 Or 424, 436, 307 P2d 327 (1957).

[6] ORCP 71C provides:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D.(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

ORCP 71D provides:

"Writs of coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall be by motion or by an independent action."

motion invoking the inherent power of a court to vacate a judgment within a reasonable time, would continue to exist. Council on Court Procedures, Staff Comment, reprinted in Merrill, *Oregon Rules of Civil Procedure: 1990 Handbook* 229. Further, when defendant filed the motion to recuse, the judge had already ruled on plaintiff's motion for default and that motion was a "motion other than a motion to extend time in the cause, matter or proceeding" under ORS 14.260(3). Defendant's motion to recuse the judge was not timely under either ORS 14.260(2) or ORS 14.260(3).

■ Defendant argues that the court erred in denying his request to present oral testimony at the evidentiary hearing on his motion to set aside the judgment.[7] ORCP 71 does not provide for a hearing with oral testimony. The court gave both parties the opportunity to submit evidence and affidavits on the issue and to make oral arguments. In the absence of a statutory right to give oral testimony, the trial court did not abuse its discretion by denying defendant's request. *See Meyer v. Caldwell,* 296 Or 100, 104, 672 P2d 342 (1983).

■ Defendant finally contends that the judgment should have been set aside as void, because there was no valid service under ORCP 7D(2)(b).[8] He argues that the summons and complaint were served at a place that was not his dwelling house or usual place of abode. If the Fresno address was defendant's usual place of abode, the service is presumed to be service reasonably calculated to apprise him of the pendency of the action and to afford him a reasonable opportunity to appear and defend. *Baker v. Foy,* 310 Or 221, 229, 797 P2d 349 (1990). The term "usual place of abode" does not necessarily refer to one's domicile. In *Thoenes v. Tatro,* 270 Or 775, 787, 529 P2d 912 (1974), the court said:

" '[U]sual place of abode' must be taken to mean such center

---

[7] Plaintiff contends that we should not consider this assignment of error, because defendant made no offer of proof of the oral testimony he would have presented. Whether a party is entitled to give oral testimony in a motion to set aside a judgment is a question of law, and defendant was not required to make an offer of proof to preserve the alleged error. *State v. Olmstead,* 310 Or 455, 461, 800 P2d 277 (1990).

[8] ORCP 7D(2)(b) provides, in part:

"Substituted service may be made by delivering a true copy of the summons and complaint at the dwelling house or usual place of abode of the person to be served, to any person over 14 years of age residing in the dwelling house or usual place of abode of the person to be served."

of one's domestic activity that service left with a family member is reasonably calculated to come to one's attention within the statutory period for defendant to appear. Whether a mode of service is 'reasonably likely' to come to defendant's attention is to be judged against the alternative modes of service practically available."

The evidence is conflicting. Affidavits filed by defendant and his wife indicated that they had separated and that defendant had moved to a different place before the summons and complaint were served. Defendant also filed affidavits from David and Betty Harris averring that defendant had leased property from them and had resided in Madera, California, from March, 1988, through December, 1988.

Plaintiff presented evidence that defendant treated the Fresno address as his "usual place of abode." He had listed that address on two applications for California driver's licenses, on gambling receipt forms required by the Internal Revenue Service, on shipping records as a return address and on his doctor's medical records. Defendant's wife had told one of defendant's creditors that defendant used the Fresno address as his legal mailing address and she had said that he would receive any documents mailed to that address. Plaintiff also presented evidence indicating that defendant and his wife remained closely linked, including the fact that his wife was charged with harboring defendant, an alleged fugitive, from a pending criminal prosecution.

Under those facts, the trial court did not err when it held that substituted service properly occurred at defendant's usual place of abode. *See Hartley v. Rice et ux,* 123 Or 237, 261 P 689 (1927). Therefore, service is presumed to be reasonably calculated to apprise defendant of the action and to afford him a reasonable opportunity to appear and defend. Nothing in the record overcomes the presumption and the default judgment is not void. *Baker v. Foy, supra,* 310 Or at 229.

Affirmed.