252

Argued on demurrer to answer to alternative writ May 4, demurrer overruled July 19, motion to set aside referee's report and render judgment independently filed December 21, 1967, motion denied, peremptory writ allowed June 14, 1968

STATE ex rel LOVELL, *Plaintiff, v.*
WEISS, *Defendant.*

430 P. 2d 357
442 P. 2d 241

*Leo Levenson,* Portland, argued the cause for plaintiff. With him on the brief was Fred Allen, Newport.

*W. T. Hollen,* Newport, argued the cause for defendant. With him on the brief was Eugene K. Richardson, Newport.

Before PERRY, Chief Justice, and McALLISTER,

254

Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

## GOODWIN, J.

This is a contested attempt to recuse a circuit judge. One Lovell was convicted in the District Court for Lincoln County and fined $20 for "angling with more than one line." He appealed to the circuit court. Counsel accompanied the documents on appeal with a motion for a change of judge, supported by counsel's affidavit of prejudice. The circuit judge denied the motion and set the appeal for trial. We allowed an alternative writ of mandamus ordering the judge to withdraw from the case or to show cause why he should not withdraw.

The answer to the alternative writ tenders two issues: (1) whether the element of good faith, which an affidavit under ORS 14.260 must allege, can be controverted, and, if so, (2) how. The affiant has moved to strike the answer on the ground that good faith cannot be controverted. In order to dispose of the question, we treat the motion as a demurrer. ORS 34.180.

In 1955 this court held that the statutory method then in effect of recusing a judge, ORS 14.220 to 14.240 (a peremptory-challenge statute enacted in 1947), was unconstitutional because it clothed the litigant or his attorney with absolute discretion to disqualify judges at will "— for good cause, bad cause, or no cause at all *. * *." State ex rel Bushman v. Vandenberg, 203 Or 326, 337, 276 P2d 432, 280 P2d 344 (1955). Such a statutory delegation of power to a litigant or to his attorney was manifestly in conflict with the constitutional right of the people to elect judges. The decision in the Vandenberg case was published while the Legis-

lative Assembly was in session, and the Assembly promptly enacted the present statute. ORS 14.250 to 14.270. In substance, the statute requires the motion for a change of judge to be accompanied by an affidavit asserting that the judge is prejudiced. It also requires that the motion be "made in good faith and not for the purposes of delay." This statute substantially re-enacted the one upheld against constitutional challenge in *U'Ren v. Bagley,* 118 Or 77, 245 P 1074, 46 ALR 1173 (1926); and see 11 Or L Rev 410 (1932).

■ While an affidavit of prejudice under ORS 14.260 establishes only the imputation of prejudice, the imputation, if made in good faith, is sufficient to recuse the judge. *U'Ren v. Bagley,* supra. Because actual prejudice is difficult either to prove or to disprove, the public policy of preserving confidence in an impartial judiciary is usually said to be served by disqualifying the judge upon an imputation of prejudice made in good faith. The alternative would create a public controversy over the truth or falsity of a specific allegation of prejudice. *U'Ren v. Bagley,* 118 Or at 85. See, also, Schwartz, *Disqualification for Bias,* 11 U Pitt L Rev 415, 426 (1950).

There is no reason to abandon the rule expressed in *U'Ren v. Bagley.* An allegation of the judge's prejudice, if filed in good faith, is sufficient on its face to recuse a judge. But it does not necessarily follow that the affiant's allegation of his own good faith is equally efficacious to establish that statutory fact beyond the power of the judge to question it. If we were to hold that an affidavit could, by a pro forma recital of good faith, put beyond question the issue of good faith, it would amount to a holding that good faith in fact is not necessary. Such a holding would render the 1955 statute unconstitutional for the same reasons that the

1947 statute before the court in *State ex rel Bushman v. Vandenberg* was unconstitutional.

That the question of good faith may indeed be a live question is suggested by the record in these proceedings. The motion and affidavit are prepared on printed forms with only the title of the cause, the date, and the designation of the moving party-affiant left blank. The affiant's efficiency in supplying himself with printed forms alleging the prejudice of a particular judge is not necessarily proof of a want of good faith in filing such affidavits, but the employment of such forms raises some questions about either the judge or the attorney. The judge's answer to the writ alleges that in a period of some four weeks immediately preceding the affidavit in the case at bar seven such printed forms were used in similar affidavits filed by the same attorney. Either the judge has given the attorney a good-faith reason to believe (rightly or wrongly) that the judge is prejudiced against the attorney, or the attorney has reasons other than a good-faith belief in prejudice for wanting to get rid of the judge. The taxpayers and voters of the district have an interest in learning the truth of the matter.

While it may be true, as a matter of fact, that a particular attorney in good faith will entertain the belief that no client of his can receive a fair trial before a particular judge, such a generality is one that an officer of the court should not lightly swear upon oath. The pleadings in the case at bar do not warrant, and we do not make, any inferences concerning the good faith of any party or attorney in this case. All we hold at this time is that the issue of good faith is a proper issue to raise in a proceeding under ORS 14.250, and the trial judge has raised it in the only manner available to him.

■ Since we hold that the issue of good faith, when good faith has been challenged by an answer to an alternative writ, is a proper subject of a fact-finding hearing prior to the mandatory removal of a judge, we must consider next how such a fact-finding hearing is to be conducted. This court does not have convenient facilities for such a hearing, and ordinarily reviews only written records made elsewhere.

■■ The judge who challenges the good faith of the affiant is obviously not the judge who should conduct the hearing upon that issue. See *U'Ren v. Bagley,* 118 Or at 85. Therefore, the issue of good faith should be referred to a disinterested circuit judge for proceedings in the nature of a referee's hearing and report. In the case at bar, the record reveals no reason for this court to assign the matter for hearing before a judge from outside the district. We therefore refer the matter to the senior circuit judge of the district. Upon the conclusion of a factual hearing, the judge should file his findings and recommendations in the nature of a referee's report.

■ Since the party or attorney seeking to remove a duly elected judge from the bench for the trial of one or more cases may do so only if he believes in good faith that the judge is prejudiced, it is not an undue hardship to require him, when his good faith is challenged, to show that his belief is based upon a rational ground and not upon mere pique, whimsy, or imagination.

■ The burden of proving good faith, in the particular case in which an affidavit is filed, will be satisfied if the affiant testifies that he has received information about the trial judge which, if true, reasonably could be a basis for a fear of prejudice. The affiant need not prove that the judge is prejudiced, or even prove

that the evidence upon which he bases his apprehension is all true. But he must come forward with some evidence, hearsay or otherwise, from which a reasonable person could conclude that anyone possessed of such evidence might reasonably question the trial judge's impartiality in a matter.

For the reasons set forth above, the so-called "motion to strike" from the answer the second affirmative defense (alleging that the affidavit and motion for change of judge were not filed in good faith) and an accompanying demurrer must be overruled and the cause referred for a hearing on the merits. If the motion for change of judge is found to have been made in good faith, the judge against whom the motion has been made will be required by ORS 14.250 to withdraw. If the motion for change of judge is not found to have been filed in good faith, it will be disregarded.

It has not escaped our attention that if a desire for delay should be the true motive behind a particular motion and affidavit, the desired delay would be accomplished in any event if the judge should test the question of good faith. However, even if the ethical considerations inherent in such an enterprise do not keep possible abuses under the statute to a minimum, there are other remedies for abuse. See *Berger v. United States,* 255 US 22, 35, 41 S Ct 230, 65 L Ed 481 (1921). The filing of a false affidavit is perjury. It is also a violation of Rule 27(4), Rules of Professional Conduct, Oregon State Bar. However, it should require no extended comment to point out that this court has every confidence in the high ethical standards of the bar of this state, and we are satisfied that when the bar understands the seriousness of the problem affidavits will not be filed unless the parties or

counsel can say in good faith that they believe the judge is prejudiced against them.

The "motion to strike" and demurrer are both overruled. The question of fact raised in the answer to the alternative writ is at issue. A hearing on the merits should be scheduled by the senior circuit judge of the district at his convenience, and a report should be forwarded to this court in due course.

W. T. Hollen and Eugene K. Richardson, Newport, for the motion.

Before PERRY, Chief Justice, and McALLISTER,

 

Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

## GOODWIN, J.

On July 19, 1967, the question of good faith in the above-entitled matter was referred to a referee for the purpose of taking evidence and reporting to this court. The referee has filed the transcript of the proceedings on referral. This court must now decide whether to issue the peremptory writ of mandamus originally sought to require the Honorable Stewart Weiss to allow the pending motion for a change of judge.

The attorney who had filed the affidavit of prejudice said he believed at the time of the hearing conducted by the referee that his clients could receive a fair trial before the judge in question. The referee thereupon found as a fact that the attorney and the judge had composed whatever differences they may have had, and concluded that a professional relationship free from acrimony then existed between the attorney and the judge. Following the hearing, the referee suggested to this court that the matter of good faith had become moot and that it was not, therefore, necessary to decide whether or not the attorney had filed his original affidavit of prejudice in good faith.

■ The file in this court reveals, however, that the affidavit of prejudice and the motion for change of judge are still on file and that the principal litigation in the circuit court awaits trial before the resident circuit judge or assignment to another judge. We cannot characterize the question as moot so long as the motion for a change of judge remains outstanding. Accordingly, we have reviewed the evidence taken by the referee.

The evidence sheds little light upon the elusive element of good faith in the conduct of the attorney. It does reveal a conflict between personalities. The conduct of the attorney may have been somewhat unconventional, and he may have been supersensitive in his evaluation of the judge's attitude toward him; but the attorney was not shown to have filed his affidavit in bad faith.

■ On the other hand, the transcript does not indicate that the judge was in fact prejudiced against the attorney, and there was no evidence that would suggest prejudice against any client of the attorney. But there was evidence of personality clashes in and out of court which reasonably could have caused an attorney to believe that the judge may have had some negative feelings toward the attorney. There was, for example, evidence that the attorney was, or thought himself to be, rebuffed from time to time when he tendered social greetings in the corridors of the courthouse. There was testimony that the judge refused, for considerable periods of time, to speak to the attorney. There was evidence on both sides tending to explain some of the awkwardness that apparently surrounded social and professional encounters between the two individuals. Upon the whole record, we cannot characterize the attorney's beliefs as wholly without foundation, even though, as noted, the attorney may have been overly sensitive.

In view of the record, we conclude that the attorney carried his burden of showing good faith. Since under ORS 14.260 an affidavit of prejudice filed in good faith is sufficient to disqualify a judge, the peremptory writ should be allowed.

It is so ordered.