Argued and submitted May 6, 1986, peremptory writ ordered issued on January 21, 1987

## STATE ex rel PIPER & WEDGE, LTD. et al,
*Plaintiff-Relators,*

*v.*

## CROOKHAM,
*Defendant.*

(A8508-05470; S32451)

731 P2d 1027

John R. Faust, Jr., Portland, argued the cause and filed the briefs for defendant. With him on the briefs was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Michael J. Hargis, Portland, argued the cause and filed the brief for plaintiff-relators. With him on the brief were Carlton D. Warren, and Warren & Allen, Portland.

John E. Frohnmayer, Portland, filed an *amicus curiae* brief for Oregon Trial Lawyers Association. With him the brief was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

GILLETTE, J.

**GILLETTE, J.**

This is one of three mandamus cases decided this date[1] involving the constitutionality and application of ORS 14.250-14.270, the judicial disqualification statutes. In this case, relators, co-defendants in a civil action, filed a motion for change of judge supported by an affidavit asserting that the judge to whom their case was assigned for trial was prejudiced against the interests of the relators and their attorneys. Defendant, the then presiding judge of the Circuit Court for Multnomah County, denied the motion without a hearing on the ground that the judicial disqualification statutes are unconstitutional. Relators then brought the present mandamus proceeding. We order that a peremptory writ issue commanding defendant either to grant relators' motion for change of judge or to hold a hearing.

The judicial disqualification statutes are constitutional. *State ex rel Oliver v. Crookham,* 302 Or 533, 731 P2d 1018 (1987). The remaining issues in this case are procedural: (1) Were relators' motion and supporting affidavit adequate on their face to invoke ORS 14.250-14.270? (2) If they were, what procedure should defendant follow in disposing of the motion?

Relators' affidavit in support of their motion for change of judge recites (with the name of the particular judge omitted):

"1.   I, [counsel for relators], being first duly sworn, depose and say:

"2.   That I am of attorneys for [relators] in the above entitled action:

"3.   That in a prior case [, name omitted,] our firm appeared before [this judge] in another civil matter, at which time [this judge] indicated that he believed [my] law firm * * * was attempting to perpetrate a fraud on the Court. Attached hereto as Exhibit 'A' are excerpts from the transcripts of that proceeding. After discussion, our clients and this law firm have agreed that we believe [this judge] is prejudiced against the interests of the [relators] and their attorneys. Accordingly,

---

[1] The others are *State ex rel Oliver v. Crookham,* 302 Or 533, 731 P2d 1018 (1987) and *State ex rel Bowman v. Crookham,* 302 Or 544, 731 P2d 1025 (1987).

we believe that the [relators] cannot receive a fair and impartial trial or hearing before [this judge]. I state that this Motion and Affidavit are made in good faith and not for the purposes of delay."

The affidavit in this case established grounds for believing that this judge may have developed a bias against this attorney's law firm. Such a belief, if held in good faith, is sufficient to disqualify the judge. Relators are entitled either to a hearing on the question of counsel's good faith or to an order disqualifying the judge. *State ex rel Bowman v. Crookham,* 302 Or 544, 731 P2d 1025 (1987); *State ex rel Lovell v. Weiss,* 250 Or 252, 257-258, 430 P2d 357, 442 P2d 241 (1968).

Peremptory writ to issue.