Argued and submitted May 6, 1986, peremptory writ ordered issued on January 21, 1987

# STATE ex rel OLIVER,
*Plaintiff-Relator,*

*v.*

# CROOKHAM,
*Defendant.*

# (C8411-34753; S32447)

731 P2d 1018

John R. Faust, Jr., Portland, argued the cause and filed the briefs for defendant. With him on the briefs was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Diana I. Stuart, Portland, argued the cause and filed answering brief for relator. With her on the brief were Steven Jacobson and the staff of the Metropolitan Public Defender's Office, Portland.

Raymond F. Thomas, Portland, filed an *amicus curiae* brief for Oregon Criminal Defense Lawyers Association. With him on the brief were Baxter-Craven Young, Certified Law Student, and Royce, Swanson & Thomas, Portland.

John E. Frohnmayer, Portland, filed an *amicus curiae* brief for Oregon Trial Lawyers Association. With him on the brief was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Marc K. Blackman, Portland, filed an *amicus curiae* brief for American Civil Liberties Union of Oregon, Inc. With him on the brief was Ransom, Blackman & Simson, Portland.

GILLETTE, J.

## GILLETTE, J.

This is one of three mandamus cases decided this date[1] involving the constitutionality and application of ORS 14.250-14.270, the judicial disqualification statutes. In this case, relator, a defendant in a criminal case, filed a motion for a change of judge supported by an affidavit asserting that the relator could not receive a fair trial before the judge to whom the case was assigned. Defendant, the then presiding judge of the Circuit Court for Multnomah County, denied relator's motion after a hearing on grounds that relator had failed to show any actual prejudice, that the motion had been filed for tactical reasons and, in any event, that the judicial disqualification statutes are unconstitutional. Relator then brought the present mandamus proceeding. We hold that defendant erred.

### 1. Constitutionality of ORS 14.250-14.270

The present judicial disqualification statutes, ORS 14.250-14.270, are set out in the margin.[2] Defendant, who had

---

[1] The others are *State ex rel Piper & Wedge v. Crookham,* 302 Or 549, 731 P2d 1027 (1987) and *State ex rel Bowman v. Crookham,* 302 Or 544, 731 P2d 1025 (1987).

[2] ORS 14.250 states:

"No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established, as provided in ORS 14.250 to 14.270, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause, matter or proceeding. In such case the presiding judge shall forthwith transfer the cause, matter or proceeding to another judge of the court, or apply to the Chief Justice of the Supreme Court to send a judge to try it; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action or suit is of such a character that a change of venue thereof may be ordered, the presiding judge may send the case for trial to the most convenient court; except that the issues in such cause may, upon the written stipulation of the attorneys in the cause agreeing thereto, be made up in the district of the judge to whom the cause has been assigned."

ORS 14.260 states:

"Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the prejudice described in ORS 14.250 by motion supported by affidavit that the judge before whom the cause, matter or proceeding is pending is prejudiced against such party or attorney, or the interest of such party or attorney, so that such party or attorney cannot or believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay. The affidavit shall be filed with such motion at any time prior to final determination of such cause, matter or proceedings in uncontested cases, and in contested cases before or within five days after such cause, matter or proceeding is at issue upon a question of fact or within 10 days after the assignment, appointment and qualification or

assigned relator's case for trial before the challenged judge, ruled that the disqualification statutes had been impliedly repealed in 1969 by the approval by the people of Article VII (Amended), section 8, of the Oregon Constitution, which provides for the exclusive means for removing, suspending or censuring a judge. Before this court, defendant also argues that the statutes violate Article III, section 1, (separation of powers) and Article VII (Amended), section 1 (election of judges), of the Oregon Constitution. We hold that the statutes in question do not violate any of the foregoing provisions.

    *a. Article VII (Amended), section 8 (suspension or removal from judicial office)*

■    Defendant first argues that Article VII (Amended), section 8,[3] adopted by the people November 5, 1968, impliedly

---

election and assumption of office of another judge to preside over such cause, matter or proceeding. No motion to disqualify a judge shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding. No motion to disqualify a judge or a judge pro tem, assigned by the Chief Justice of the Supreme Court to serve in a county other than the county in which the judge or judge pro tem resides, shall be filed more than five days after the party or attorney appearing in the cause receives notice of the assignment. In judicial districts having a population of 100,000 or more, the affidavit and motion for change of judge shall be made at the time and in the manner prescribed in ORS 14.270. No party or attorney shall be permitted to make more than two applications in any cause, matter or proceeding under this section."

ORS 14.270 *states:*

"In any county where there is a presiding judge who hears motions and demurrers and assigns cases to the other judges of the circuit court for trial, the affidavit and motion for change of judge to hear the motions and demurrers or to try the case shall be made at the time of the assignment of the case to a judge for trial or for hearing upon a motion or demurrer. Oral notice of the intention to file the motion and affidavit shall be sufficient compliance with this section providing that the motion and affidavit are filed not later than the close of the next judicial day. No motion to disqualify a judge to whom a case has been assigned for trial shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding; except that when a presiding judge assigns to the presiding judge any cause, matter or proceeding in which the presiding judge has previously ruled upon any such petition, motion or demurrer, any party or attorney appearing in the cause, matter or proceeding may move to disqualify the judge after assignment of the case and prior to any ruling on any such petition, motion or demurrer heard after such assignment. No party or attorney shall be permitted to make more than two applications in any action or proceeding under this section."

[3] Article VII (Amended), section 8, of the Oregon Constitution, states:

"(1) In the manner provided by law, and notwithstanding section 1 of this Article, a judge of any court may be removed or suspended from his judicial office

repealed the disqualification statutes. Article VII (Amended), section 8 governs the removal or suspension of a judge from judicial office, not disqualification from a single case. Moreover, the constitutional provision does not specifically mention prejudice or bias. Defendant's construction, therefore, would place us in the interesting position of having no procedure by which a judge could be disqualified from a case for real or perceived bias (unless the judge voluntarily disqualified herself or himself pursuant to the Code of Judicial Conduct). We hold that ORS 14.250-14.270 deal with matters different from those governed by Oregon Constitution Article VII (Amended), section 8, and were not repealed by the adoption of that constitutional provision.

### b. Article VII (Amended), section 1 (election of judges)

■■ The foregoing considerations apply with equal force to this provision. The procedures for disqualifying a judge for bias or prejudice do not infringe upon the voters' right to elect judges under Oregon Constitution Article VII (Amended), section 1.[4] The public has no right to have a particular judge preside over a particular case, especially when the judge is believed to be prejudiced or biased against a party.

---

by the Supreme Court, or censured by the Supreme Court, for:

"(a) Conviction in a court of this or any other state, or of the United States, of a crime punishable as a felony or a crime involving moral turpitude; or

"(b) Wilful misconduct in a judicial office where such misconduct bears a demonstrable relationship to the effective performance of judicial duties; or

"(c) Wilful or persistent failure to perform judicial duties; or

"(d) Generally incompetent performance of judicial duties; or

"(e) Wilful violation of any rule of judicial conduct as shall be established by the Supreme Court; or

"(f) Habitual drunkenness or illegal use of narcotic or dangerous drugs.

"(2) Notwithstanding section 6 of this Article, the methods provided in this section, section 1a of this Article and in section 18, Article II of this Constitution, are the exclusive methods of the removal, suspension, or censure of a judge."

[4] Article VII (Amended), section 1, of the Oregon Constitution, states:

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law. The judges of the supreme and other courts shall be elected by the legal voters of the state or of their respective districts for a term of six years, and shall receive such compensation as may be provided by law, which compensation shall not be diminished during the term for which they are elected."

### c. Article III, section 1 (separation of powers)

■ In *U'ren v. Bagley,* 118 Or 77, 245 P 1074 (1926), this court held that a predecessor statute to the present statutory judicial disqualification scheme did not violate the separation of powers provision in the Oregon Constitution. In 1947, however, the legislature enacted a "peremptory challenge" statute which eliminated the requirement that the moving party file an affidavit of prejudice. The 1947 statute was invalidated by this court on separation of powers grounds. *State ex rel Bushman v. Vandenberg,* 203 Or 326, 276 P2d 432, 280 P2d 344 (1955). The legislature responded immediately by enacting the present scheme, which is substantially the same as that which was upheld in *U'ren v. Bagley.*

In *State ex rel Lovell v. Weiss,* 250 Or 252, 430 P2d 357, 442 P2d 241 (1968), this court reaffirmed the *U'ren* decision and further held that the allegation of good faith contained in the affidavit of prejudice could be contested in a hearing before a disinterested judge. Such a mechanism for testing good faith was necessary, this court suggested, in order to preserve the statute's constitutionality:

> "If we were to hold that an affidavit could, by a pro forma recital of good faith, put beyond question the issue of good faith, it would amount to a holding that good faith in fact is not necessary. Such a holding would render the 1955 statute unconstitutional for the same reasons that the 1947 statute before the court in *State ex rel Bushman v. Vandenberg* was unconstitutional." 250 Or at 255-56.

Without necessarily adhering to the constitutional doubts expressed in *Bushman* and, to a degree, reiterated in *Lovell, see Foster v. Zeiler,* 283 Or 255, 259-60, 584 P2d 243 (1978) (Linde, J., concurring), we adhere to *Lovell's* specific holding. ORS 14.250-14.270 are constitutional.

### 2. Continued vitality of Lovell

■ Our disposition of the constitutional questions leaves a number of other issues to be decided. First, relator urges us to overrule *Lovell* and abolish the good faith hearing requirement. Absent a change in the statute, we decline to do so. A potential problem with Oregon's disqualification scheme is that, if widely abused by the bar in a county, it could in effect become a substitute for removing a judge from office. For

example, if all criminal defendants routinely "affidavit" a particular judge, that judge would be barred from presiding over a very broad class of cases. Retaining the opportunity for a good faith hearing reduces the potential for this type of abuse. We emphasize, however, that the scope of such a hearing is extremely limited. The legislative policy stated in ORS 14.260 is to relieve a party or attorney from having to proceed before a judge when the party or attorney in good faith "believes" that either cannot have a fair or impartial hearing before that judge. Proof that the belief is correct is not required; it is enough that the attorney or party in good faith believes it. As this court stated in *Lovell:*

> "The burden of proving good faith, in the particular case in which an affidavit is filed, will be satisfied if the affiant testifies that he has received information about the trial judge which, if true, reasonably could be a basis for a fear of prejudice. The affiant need not prove that the judge is prejudiced, or even prove that the evidence upon which he bases his apprehension is all true. But he must come forward with some evidence, hearsay or otherwise, from which a reasonable person could conclude that anyone possessed of such evidence might reasonably question the trial judge's impartiality in a matter." 250 Or at 257-58.

## 3. Who may raise issues of good faith

Relator next argues that only the challenged judge should be allowed to contest the affiant's good faith. (In this case, the presiding judge did so.) We think, however, that the authority of a presiding judge to challenge disqualification affidavits is implicit in the judge's role of regulating the judicial business in the judge's circuit. ORS 1.003; 3.065. ORS 14.270, the statute that specifically governs the disqualification motion in this case, requires that oral notice of the motion be given to the presiding judge at the time the case is assigned to another judge for hearing or trial. (A written motion and accompanying affidavit is not required until the next judicial day.)

Relator argues that the challenged judge may not wish to contest the motion for change of judge or to "publicly air" the basis for the motion. If that is the challenged judge's view, the judge can so notify the presiding judge. A motion for change of judge, however, involves more than the challenged

judge. It imposes an added administrative burden on the presiding judge, who must reassign the case, possibly shuffling caseloads in order to allow for the change. Moreover, as defendant noted during oral argument, the public has an interest in the good faith merits of a motion for change of judge. Finally, allowing the presiding judge to raise the issue promotes efficiency, because the presiding judge expeditiously can schedule a hearing to be held before the presiding judge or a third judge. We therefore hold that, in counties having presiding judges, the presiding judge may call upon the moving party to show the reasons for the party's good faith belief.

### 4. Grounds for disqualification

■ For his part, defendant urges this court to announce specific guidelines for defining "prejudice," as that term is used in ORS 14.250-14.270. He argues that "prejudice" should be interpreted to mean direct bias against a party, as opposed to the mere holding of a general judicial philosophy. *See, e.g., Brauhn v. Brauhn,* 10 Wash App 592, 518 P2d 1089 (1974) (disqualification must relate to particular party, not the general subject matter of the case).

■ We agree with this distinction, which we think is inherent in our earlier decisions on this subject. *See, e.g., State ex rel Lovell v. Weiss, supra,* 250 Or at 257-258. The good faith belief contemplated by the statute must relate to a judge's impermissible animus toward a particular party or attorney. Whether denominated "prejudice" (the statutory term) or "bias" (the term that this court has used interchangeably with "prejudice," *see, e.g., State ex rel Strain v. Foster,* 272 Or 464, 470, 537 P2d 547 (1975)), the circumstances must be such that the moving party or attorney could reasonably believe that he would not receive a fair trial in this case before this judge.[5]

### 5. Disposition

The final question is what disposition to make of this case. Counsel's affidavit in support of relator's motion contained the bare minimum of conclusory allegations:

---

[5] Any allegations must, however, suggest bias or prejudice, as opposed to such things as incompetency. The ultimate issue is impartiality. Incompetency is a basis for removal from office, not disqualification under ORS 14.250-14.270. *See State ex rel Bowman v. Crookham,* 302 Or 544, 731 P2d 1025 (1987).

"I, [defense counsel], being sworn, say:

"I am defense attorney in this case. I believe defendant cannot receive a fair and impartial hearing or trial before [the judge].

"This affidavit is filed in good faith and not for the purpose of delay."

There are no allegations of specific facts that form the basis for the motion.

This court has not clearly stated the requisite contents of an affidavit of prejudice. *Dictum* in *State ex rel Bushman v. Vandenburg, supra,* 203 Or at 336, suggested that specific allegations should be made:

"* * * [T]he statute [in *U'Ren v. Bagley, supra,*] did not require the charge of prejudice to be supported by the statement of any facts. There can be no doubt, however, that the legislature may, without unduly encroaching on judicial power, provide by law for the disqualification of judges for bias or prejudice if the facts establishing such bias or prejudice are required to be stated."

However, in the later case of *State ex rel Lovell v. Weiss, supra,* 250 Or at 257-58, this court implied that it was enough to allege a good faith belief, leaving to a subsequent hearing — if one were held — the development of the information that gave rise to the belief. What was implied in *Lovell* was then stated explicitly in *State ex rel Strain v. Foster, supra,* 272 Or at 472: "[A]n affidavit of prejudice need not state specific facts."

The affidavit in this case is a manifestation of the *Lovell/Strain* rule. Experience has shown, however, that affidavits are not always so conclusory. Lawyers are often willing to state fully the basis for their apprehensions. The affidavit in *State ex rel Bowman v. Crookham,* 302 Or 544, 731 P2d 1025 (1987), is an example.

■ Upon reflection, we conclude that we have been overly generous in our view of the adequacy of affidavits of prejudice. Bare allegations like the one in the present case tell the trial judge and the presiding judge nothing. There may be a legally sufficient reason for the motion, but no one can tell. Hearings may have to be held that would be unnecessary (or, at least, considerably shortened) if the basis for asking a judge's recusal were placed on the table at the outset. We

therefore hold that, to be sufficient in the future, an affidavit supporting a motion to recuse a judge under ORS 14.250-14.270 must allege circumstances which would permit a party or attorney reasonably to believe that the party or attorney will not receive a fair trial. In this case, we leave to the good faith hearing the development of the basis for counsel's motion.

Three hearings have already been held in this case. Defendant conducted a hearing on the motion on November 5, 1985. At that time, he raised the constitutional issue previously discussed. The hearing was continued in order to allow relator an opportunity to brief that issue.

On November 19, a second hearing was conducted, during which the following colloquy took place:

"[Counsel for relator]: Your honor, I do wish to clarify that, for the purposes of this hearing, the Court is not questioning my good faith in filing the affidavit, because if there is a question about those —

"The Court: No, I think that what you are doing is following a process that has been prevalent here with the bar for years, and I consider that you are not doing anything other than good faith on behalf of your client."

On November 27, 1985, defendant denied the motion for change of judge and issued the following opinion and order:

"1. (a) There is no prejudice in fact by the judge as to this defendant, it appearing that they have had no contact on any prior occasion and are strangers to one another.

"(b). The filing of the motion is for purely tactical reasons which do not in fact and in law constitute 'prejudice,' and, therefore, do not fall within the provisions of ORS 14.250, 260, and 270.

"2. If it should be found that the foregoing affidavit, motion and supporting colloquy comply with the provisions of the noted statutes, it is further found, concluded, and ordered and adjudged that these three statutes, having been enacted prior to the effective date of adoption of the Oregon Constitution, amended Article VII, Section 8, May 25, 1976 (with the exception of a minor internal amendment to ORS 14.270, Session Laws 1981, Chapter 215, Section 7) are in conflict with subsection 2 of Section 8 of Amended Article VII, Oregon Constitution which proclaims itself as the exclusive method of removal, suspension or censure of a judge, and therefore

repealed the statutory provisions by implication, hence ORS 14.250, 260 and 270 are declared to be repugnant to and in violation of the Constitution of the State of Oregon.

"Wherefore, based on the foregoing, the motion for change of judge is hereby denied and the matter will proceed forthwith to [the judge] for trial at a date to be set by said judge."

Relator filed a motion to reconsider. A hearing on the motion was held on December 5, during which relator argued that defendant lacked jurisdiction to contest the moving party's good faith when the challenged judge had not raised the issue. Defendant subsequently denied the motion to reconsider.

On February 7, 1986, this court entered an alternative writ of mandamus ordering defendant either to vacate his order and allow relator's motion, or to show cause why he did not. Defendant filed a motion to dismiss the alternative writ on the ground that it failed to state a claim. Before this court, he now argues more specifically that relator failed to establish on the record that the judge was prejudiced or biased against him and, therefore, failed to meet the statutory requirements for disqualification.

We think the colloquy between the court and counsel quoted earlier explains the lack of a record on this issue. The misunderstanding was inadvertent, but counsel never had an opportunity to make an appropriate showing. She must now be given one, unless defendant chooses instead to grant relator's motion without a hearing.

Peremptory writ to issue.