Argued and submitted May 6, 1986, peremptory writ ordered issued on January 21, 1987

# STATE ex rel BOWMAN,
*Plaintiff-Relator,*

*v.*

# CROOKHAM,
*Defendant.*

## (C8501-34199; S32524)

731 P2d 1025

John R. Faust, Jr., Portland, argued the cause and filed the briefs for defendant. With him on the briefs was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

J. William Savage, Portland, argued the cause and filed the brief for plaintiff-relator. With him on the brief was Rieke, Geil & Savage, P.C., Portland.

John E. Frohnmayer, Portland, filed an *amicus curiae* brief for Oregon Trial Lawyers Association. With him on the brief was Tonkin, Torp, Galen, Marmaduke & Booth, Portland.

GILLETTE, J.

## GILLETTE, J.

This is one of three mandamus cases decided this date[1] involving the constitutionality and application of ORS 14.250-14.270, the judicial disqualification statutes. In this case, relator, a defendant in a felony prosecution, filed a motion for a change of judge on the ground that the particular trial judge to whom her case had been assigned for trial was prejudiced against her and her attorneys. When orally notified of relator's intent to file the motion, defendant, the then presiding judge of the Circuit Court for Multnomah County, informed counsel that the motion would be denied on the ground that the judicial disqualification statutes are unconstitutional. Defendant declined to schedule a hearing on the question, except before the challenged judge. Relator then brought the present mandamus proceeding. We order that a peremptory writ issue commanding defendant to grant the relator's motion for change of judge or to hold a hearing.

■  The judicial disqualification statutes are constitutional. *State ex rel Oliver v. Crookham,* 302 Or 533, 731 P2d 1018 (1987). The remaining issues in this case are procedural: (1) Were relator's motion and supporting affidavit adequate on their face to invoke ORS 14.250-14.270? (2) If they were, what procedure should defendant follow in disposing of the motion?

Relator's affidavit in support of her motion for change of judge recites (with the name of the particular judge omitted):

"* * * * *

"2.  I [relator's attorney] have practiced law in Oregon since 1977. My law firm * * * [name omitted] is currently one of two contractors that are appointed by the court to represent the majority of indigent persons charged with felonies in Multnomah County.

"3.  I have appeared before [this judge] in the past. I have also spoken with other lawyers from both the defense and prosecution bar who have described events which have occurred in his courtroom. I am aware that many affidavits of prejudice have been filed against him.

---

[1] The others are *State ex rel Piper and Wedge v. Crookham,* 302 Or 549, 731 P2d 1027 (1987) and *State ex rel Oliver v. Crookham,* 302 Or 533, 731 P2d 1018 (1987).

"4.    One of the partners in my law firm, * * * [name omitted], has been a political opponent of [this judge] in the past and has consistently refused to appear before [this judge].

"5.    I have also been advised that one attorney at a hearing on an affidavit against [this judge] said that [this judge] has a reputation for drinking many martinis at lunch which makes him unable to fairly try cases.

"6.    I have also talked with an attorney, who has practiced law for over 14 years in Multnomah County without affidaviting any judge, who advised me that after appearing only once before [this judge] he will not appear before him on *any* future matters because he considers [this judge] to be incompetent and not impartial.

"7.    I also base this affidavit on the poll in The Oregonian in which [this judge] rated last and in which many other attorneys stated that he should be removed from the bench.

"8.    I also base this on the fact that many other criminal defense lawyers agree that criminal defendants cannot get a fair trial in his court; he is oriented towards the prosecution and does not rule fairly on motions, in trial or at sentencing.

"9.    Based on my own personal experiences and [the judge's] reputation among other trial lawyers, it is my good faith belief that my client could not receive a fair and impartial hearing before him.

"10.    I make this affidavit in good faith and not for purposes of delay."

■■    The issue, under ORS 14.250-14.270, is whether there exists a reasonable belief that a judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause, matter or proceeding. "Prejudice," as used in the statutes, refers not only to prejudgment of the issues but also to any prejudgment or bias as to a party or attorney. The term cannot, however, be read so broadly as to subsume any views as to a judge's judicial competency. *State ex rel Oliver v. Crookham, supra.* Counsel in the present case has failed to recognize the distinction. Most of the allegations in the affidavit are an unfortunate assault on the judge as a person, rather than a discussion of the reasons that counsel has a good faith belief that this relator cannot receive a fair trial in *this* case. *See State ex rel Lovell v. Weiss,* 250 Or 252, 257-258, 430 P2d 357, 442 P2d 241 (1968).

■    On the other hand, certain allegations in paragraph 8

of the affidavit relating to the judge's alleged prejudice against criminal defendants might be sufficient, if made in good faith and based on factors other than those listed in the other paragraphs of the affidavit. Relator is entitled to a hearing on this question or to a change of judge. The hearing, if one is held, must be before someone other than the judge who is the subject of the affidavit. *State ex rel Lovell v. Weiss, supra,* 250 Or at 257.

Peremptory writ to issue.