Argued and submitted May 3, defendant's motion to dismiss denied and defendant has 10 days from the date of this order to file Answers to the alternative writ in each case, unless Answers are filed, peremptory writs shall issue as directed September 29, 1988

STATE ex rel RAY WELLS, INC.,
*Plaintiff-Relator,*

*v.*

HARGREAVES,
*Defendant.*

(TC No. 16-87-00357; SC S34919 (Control))

STATE ex rel EARLE, nka Dasher,
*Plaintiff-Relator,*

*v.*

HARGREAVES,
*Defendant.*

(TC No. 16-86-05386; SC S34932)

STATE ex rel FLEMING,
*Plaintiff-Relator,*

*v.*

HARGREAVES,
*Defendant.*

(TC No. 15-84-05514; SC S35034)
(Cases Consolidated)

761 P2d 1306

J. Michael Alexander, Salem, argued the cause for defendant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

D. Ronald Gerber, Florence, filed an answering brief and argued the cause for plaintiffs-relators.

CARSON, J.

Peterson, Chief Justice, dissented and filed an opinion in which Campbell, J., joined.

**CARSON, J.**

In this mandamus proceeding, three consolidated cases present the following question: Whether the judge-disqualification statutes, as amended by Oregon Laws 1987, chapter 338, constitute undue legislative interference with the judiciary?

The judge-disqualification statutes are codified in ORS 14.210 to 14.270. Of these statutes, only two are at issue: ORS 14.250 and 14.260(1).

ORS 14.250 provides for disqualifying a circuit court judge when it is established that "any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge."

ORS 14.260(1) then prescribes the procedure for establishing the belief that a fair and impartial trial or hearing cannot be had. It provides:

> "Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the belief described in ORS 14.250 by motion supported by affidavit that such party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay. No specific grounds for the belief need be alleged. Such motion shall be allowed unless the judge moved against, or the presiding judge in those counties where there is one, challenges the good faith of the affiant and sets forth the basis of such challenge. In the event of such challenge, a hearing shall be held before a disinterested judge. The burden of proof shall be on the challenging judge to establish that the motion was made in bad faith or for the purpose of delay."

In each of these cases, the individual relators moved to disqualify the same circuit court judge. Relators and their attorney alleged that fair and impartial trials could not be had before the judge because the judge was "prejudiced" against the attorney. Defendant presiding judge[1] denied the motions without hearings, concluding that ORS 14.250 and 14.260(1)

---

[1] There has been a change in the person filling the office of the presiding judge since these proceedings were filed. This does not affect our resolution of the issues presented, however. *See* ORAP 12.10.

violate the state constitution. Relators then sought peremptory writs or alternative writs of mandamus from this court directing defendant either to grant the motions or to grant them hearings on the "good faith" of the attorney.

Defendant chose not to oppose the petitions, requesting only the opportunity to respond once the writs were granted. We granted relators' petitions for the alternative writs in all three cases. Defendant then moved to dismiss the writs.

This proceeding is a sequel to our earlier decision in *State ex rel Oliver v. Crookham,* 302 Or 533, 731 P2d 1018 (1987). In that decision, we construed several key provisions of the predecessor statutes to present ORS 14.250 and 14.260(1) while upholding the statutes as constitutional. In response, the legislature amended ORS 14.250 and 14.260(1). Or Laws 1987, ch 338. Those amendments changed the statutes in three significant ways.

First, the legislature eliminated the requirement, first stated in *Oliver,* for the affiant to allege "circumstances" leading to the belief that a fair and impartial trial cannot be had before the challenged judge. *Compare State ex rel Oliver v. Crookham, supra,* 302 Or at 541-42 *with* Or Laws 1987, ch 338, § 2 and ORS 14.260(1). Second, the legislature struck the requirement for alleging that the challenged judge was "prejudiced"; henceforth, the affidavit may allege *solely* the belief that a "fair and impartial trial or hearing" cannot be had before the challenged judge. Or Laws 1987, ch 338. Third, the legislature shifted the burden of proof onto the challenged judge to prove bad faith at the hearing requested by the judge questioning the affiant's good faith. Previously, the burden had been upon the affiant to prove that the motion to disqualify the judge was made in good faith and not for purposes of delay. *Compare State ex rel Lovell v. Weiss,* 250 Or 252, 430 P2d 357, 442 P2d 241 (1968) *with* Or Laws 1987, ch 338, § 2.

Defendant contends that these changes constitute undue legislative interference with the judiciary. Defendant thus raises the question whether the legislation prevents the circuit courts from performing the judicial function assigned to them under Article VII (Amended), section 1, of the Oregon

Constitution.[2] *See Circuit Court v. AFSCME,* 295 Or 542, 547, 669 P2d 314 (1983). As we stated in that case:

> "There can be no question that the legislature may enact laws prescribing the exercise of judicial powers. 'The rule has evolved that legislation can affect [the courts] so long as it does not unduly burden or substantially interfere with the judiciary.' * * * Most of the court's activity is regulated by statute. Almost all of Title I of the Oregon Revised Statutes is devoted to this subject. * * * The article VII, section 1 concern is whether the challenged legislation * * * interferes with the judiciary in a manner which prevents or obstructs the performance of its irreducible constitutional task, adjudication." 295 Or at 549. (Citations omitted.)

We turn to consider whether the three changes effected by the legislature's 1987 amendments of ORS 14.250 and 14.260(1) constitute undue legislative interference with the judiciary's "irreducible constitutional task, adjudication."

### 1. Contents of the Affidavit.

Until our decision in *State ex rel Oliver v. Crookham, supra,* affiants could, and did, file affidavits alleging in barest terms the prejudice of the challenged judge. *See U'Ren v. Bagley,* 118 Or 77, 245 P 1074 (1926); Staff, *Disqualification of Judges for Prejudice or Bias — Common Law Evolution, Current Status, and The Oregon Experience,* 48 Or L Rev 311, 396-97 (1969). For instance, the affidavit in *U'Ren* alleged nothing further than that the attorney believed the judge to be "so prejudiced against me that I cannot, and I verily believe I cannot, have a fair and/or impartial trial of said cause before said judge." *U'Ren v. Bagley, supra,* 118 Or at 80. One of the affidavits filed in these proceedings alleges the inability to obtain a fair and impartial trial in similar terms.[3] The ques-

---

[2] Defendant actually phrases the issue in this way: Whether the amended provisions "so unduly burden or interfere with the judicial functions * * * that it [*sic*] runs afoul of the Constitutional provisions relating to separation of powers. Its resolution now turns on whether or not there is in fact 'undue interference.' "

By referring to "separation of powers," defendant presumably invokes Article III, section 1, of the Oregon Constitution. When Article III, section 1, is invoked, we inquire into whether one governmental branch has exercised the functions of another branch. *Circuit Court v. AFSCME,* 295 Or 542, 547, 669 P2d 314 (1983).

In this case, however, the legislature did not exercise a judicial function by providing rules for disqualification. Rather, it plainly exercised its own function — legislation. Strictly speaking, a "separation of powers" problem is not presented.

[3] In *State ex rel Ray Wells, Inc. v. Hargreaves* (TC No 16-87-00357), this affidavit

tion is whether *Oliver* articulated a standard rendering such affidavits *constitutionally* insufficient.

Simply put, *Oliver* did not. In *Oliver,* we did state that affidavits, to be "sufficient," had to allege "circumstances which would permit a party or attorney reasonably to believe that the party or attorney will not receive a fair trial." *State ex rel Oliver v. Crookham, supra,* 302 Or at 542. When we made that statement, however, we had in mind practical, not constitutional, concerns. We reasoned that this standard would render good faith hearings either shorter or wholly unnecessary because the basis for seeking disqualification would be known to the challenged judge at the outset. *Id.* at 541.

As a matter of constitutional law, however, we cannot conclude that ORS 14.260(1) falls short for permitting what might be termed "conclusory" affidavits. Such affidavits fall squarely within the bounds of the holding of this court in *U'Ren v. Bagley, supra.* In that case, as here, the court confronted statutes that *do not* require allegations of "circumstances" leading to the belief that a fair and impartial trial cannot be had. Amended ORS 14.260(1) *explicitly* does not require an allegation of "specific grounds" or circumstances, whereas Section 45-2, Oregon Laws, as amended by chapter 143 of General Laws of Oregon for 1925[4] (the statute before

---

was filed:

"I, [name of attorney], being sworn say:

"That I am the attorney for the Plaintiff in the above entitled lawsuit. That [name of judge], is prejudice [*sic*] against my interest, so that I believe that my clients cannot receive a fair and impartial hearing or trial before this Judge.

"This affidavit and accompanying motion are made in good faith and not for purposes of delay. This is the first such motion filed in this case by Plaintiff."

In *Wells,* relator's attorney subsequently filed an additional, more detailed affidavit, apparently to comply with the requirements set forth in *State ex rel Oliver v. Crookham,* 302 Or 533, 731 P2d 1018 (1987). The affidavits filed in *State ex rel Earle v. Hargreaves* (TC No 16-86-05386) and *State ex rel Fleming v. Hargreaves* (TC No 15-84-05514) apparently comply with *Oliver.*

[4] Section 45-2, Oregon Laws, as amended by chapter 143 of General Laws of Oregon for 1925, provided in part:

"Any party to or any attorney appearing in any action, suit or proceeding in a circuit court may establish [the prejudice disqualifying the judge] by motion supported by affidavit that the judge before whom the action or suit is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge. And, that it is made in good faith and not for the purpose of delay."

the *U'Ren* court) *implicitly* did not require such an allegation. We upheld Section 45-2 against constitutional attack in *U'Ren. U'Ren v. Bagley, supra,* 118 Or at 87. Discerning no reason to deviate from that precedent, we uphold ORS 14.260(1) here.

## 2. *"Prejudice" vs. "Fair and Impartial Trial."*

■ Formerly, affiants had to allege that the challenged judge was "prejudiced" to disqualify that judge; that no longer is required. 306 Or at 614. As *Oliver* should make clear, however, the legislative tailoring does not tear the statutory garment.

Indeed, the amendment weaves a seamless pattern with what we did state about "prejudice" in our recent decision. In substance, we stated in *Oliver* that the key inquiry is whether a fair and impartial trial may be had before the challenged judge. *See State ex rel Oliver v. Crookham, supra,* 302 Or at 540. A fair and impartial trial may not be had when the challenged judge is partial for or against one of the parties or attorneys, *i.e.,* when the challenged judge is "prejudiced." *See id. See also State ex rel Bowman v. Crookham,* 302 Or 544, 547, 731 P2d 1025 (1987). In dropping the requirement to allege "prejudice" but retaining what is key, the legislature may have intended to "neutralize" the potential for inflamed feelings attendant when anyone, including a judge, is taken to task for being prejudiced.

## 3. *Burden of Proof at Good Faith Hearing.*

■ An allegation of good faith (and that the affidavit was not made for purposes of delay) was not required by the first judge-disqualification statutes. *See* Or Laws 1919, ch 160. We never have held that an allegation of good faith is a constitutional requirement of a motion and affidavit to disqualify a judge. *See Foster v. Zeiler,* 283 Or 255, 257, 584 P2d 243 (1978). *But see State ex rel Lovell v. Weiss, supra,* 250 Or at 255-56 (hearing into good faith required for statute to be constitutional). We have held that the legislature may not confer peremptory powers to disqualify circuit court judges, *State ex rel Bushman v. Vandenberg,* 203 Or 326, 276 P2d 432, 280 P2d 344 (1955), a conclusion whose continuing validity is not before us. *But cf. State ex rel Oliver v. Crookham, supra,* 302 Or

at 538 (constitutional doubts expressed in *Bushman* not necessarily adhered to); *State v. Holmes,* 106 Wis2d 31, 315 NW2d 703 (1982) (upholding peremptory substitution statute). It remains unclear how alleging good faith, and subsequently proving it at a hearing called at the instance of the challenged judge, may remove a constitutional taint from ORS 14.260(1). *See Foster v. Zeiler, supra,* 283 Or at 259-60 (Linde, J., concurring).

The legislature, however, has enacted a statute requiring good faith, providing for a hearing to challenge good faith, and placing upon the challenged judge the burden of proving bad faith. Defendant seizes on the latter to argue that the legislature thus has enacted a peremptory challenge statute of the kind struck down in *State ex rel Bushman v. Vandenberg, supra,* because, taken together with the now-permitted conclusory affidavit, there is, practically speaking, no way to prove bad faith or to show lack of substance in the affiant's allegations. To defendant's credit, there is language from a previous decision of this court, *State ex rel Lovell v. Weiss, supra,* that might support his argument. Requiring the challenged judge to prove bad faith, however, leaves intact the requirement for alleging good faith; it also leaves intact the means for challenging the allegation. Although the challenged judge may confront undesirable problems of proof, undesirable problems of proof are not unknown, *see* ORS 133.693 (motion to controvert) and *State v. Hitt,* 305 Or 458, 753 P2d 415 (1988), nor do these problems render ORS 14.260(1) the kind of statute condemned in *State ex rel Bushman v. Vandenberg, supra.*

We thus conclude that ORS 14.250 and 14.260(1) pass constitutional muster.

A final note: In their answering brief, relators raised for the first time a new "assignment of error." By reference to a trial court order in an unrelated case, relators contend that a party can disqualify a judge "at any step of any proceeding." *See* ORS 14.270. Neither the petitions for the writ nor the alternative writs issued by this court address the timing issue now raised by relators. We decline to consider the issue on this record.

Defendant's motion to dismiss is denied. Defendant shall have 10 days from the date of this order to file Answers to

the alternative writ in each case. Unless Answers are filed, peremptory writs shall issue consistent with the Alternative Writ in each case.

**PETERSON, C. J.**, dissenting.

The majority concludes that ORS 14.250 and 14.260 (1), as amended in 1987,[1] do not violate the Oregon Constitution's prohibition against one department of government unduly interfering with the functions of another department. These statutes provide for the disqualification of a judge upon the filing of a conclusory affidavit stating that the party (or the party's attorney) believes that he or she "cannot have a fair and impartial trial or hearing" before the judge assigned to the case. The affidavit need not contain allegations of facts or circumstances supporting this belief. A judge wishing to contest disqualification may do so only by proving that the affidavit was made in "bad faith or for the purposes of delay."

---

[1] These code sections were amended by Oregon Laws 1987, chapter 338, sections 1-2. The former and amended code sections read as follows, with the former provisions bracketed and in italics and the amendatory provisions in bold:

"14.250. No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established as provided in ORS 14.250 to 14.270, that [*such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause, matter or proceeding*] **any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge.** In such case the presiding judge shall forthwith transfer the cause, matter or proceeding to another judge of the court, or apply to the Chief Justice of the Supreme Court to send a judge to try it; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action or suit is of such a character that a change of venue thereof may be ordered, the presiding judge may send the case for trial to the most convenient court; except that the issues in such cause may, upon the written stipulation of the attorneys in the cause agreeing thereto, be made up in the district of the judge to whom the cause has been assigned.

"14.260. (1) Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the [*prejudice*] **belief** described in ORS 14.250 by motion supported by affidavit that [*the judge before whom the cause, matter or proceeding is pending is prejudiced against such party or attorney, or the interest of such party or attorney, so that*] such party or attorney [*cannot or*] believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge and that it is made in good faith and not for the purpose of delay. **No specific grounds for the belief need be alleged. Such motion shall be allowed unless the judge moved against, or the presiding judge in those counties where there is one, challenges the good faith of the affiant and sets forth the basis of such challenge. In the event of such challenge, a hearing shall be held before a disinterested judge. The burden of proof shall be on the challenging judge to establish that the motion was made in bad faith or for the purposes of delay.**"

ORS 14.260(1). Because I believe that this scheme violates the principles governing separation of powers, I respectfully dissent.

Article III, section 1, of the Oregon Constitution provides:

"The powers of the Government shall be divided into three seperate (sic) departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Article VII (Amended), section 1, provides:

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law."

It is well settled that these constitutional provisions prohibit a coordinate branch of government from exercising power assigned by the constitution to another branch. Moreover, they preclude the legislature from unduly burdening or interfering with the judicial branch in the exercise of its functions. *See Ramstead v. Morgan,* 219 Or 383, 399, 347 P2d 549 (1959). A statute creating "general institutional inconvenience" does not amount to undue interference; a statute that prevents, obstructs or outright hinders the court's exercise of its judicial power does. *Circuit Court v. AFSCME,* 295 Or 542, 547, 551, 669 P2d 314 (1983).

Judge-disqualification statutes are designed to ensure that all litigants receive fair and impartial trials and to maintain public confidence in the judicial system by eliminating even the appearance of impropriety. *U'Ren v. Bagley,* 118 Or 77, 82-83, 245 P 1074 (1926). These are important statutory objectives.

This court has dealt with constitutional challenges to recusal statutes on a number of occasions. In *U'Ren v. Bagley, supra,* 118 Or at 79, we upheld a judge-disqualification statute which required that the party seeking recusal submit an affidavit declaring: that the judge was prejudiced against the party or attorney; that the party could not, or believed that he or she could not, receive a fair and impartial hearing before such judge; and that the motion to recuse was made in good

faith and not for purposes of delay. Noting that the disqualification provisions at issue fell into the "twilight zone," 118 Or at 81, and that the law had been "shamefully abused" by some litigants, 118 Or at 87, we nevertheless held that the statute did not violate the Oregon Constitution. 118 Or at 87-88.

However, in *State ex rel Bushman v. Vandenberg,* 203 Or 326, 276 P2d 432, 280 P2d 344 (1955), we held a recusal statute unconstitutional which in relevant part provided:

> "Any party to or attorney appearing in any cause, matter or proceeding * * * may file an application in writing requesting [a] change of judge at any time prior to final determination of such cause, matter or proceeding * * *." Or Laws 1947, ch 145, § 1-502.

We distinguished *U'Ren* on the ground that "[t]he legislature has now invested litigants and their attorneys with the power to remove duly appointed or elected and qualified judges from the bench in particular cases at will—for good cause, bad cause, or no cause at all." 203 Or at 337. The recusal provision at issue in *Vandenberg* was in the nature of a peremptory challenge. While such challenges might be appropriate to remove jurors, we declared that they were inappropriate to remove an apparently qualified judge who had taken an oath to discharge his or her judicial duties faithfully. 203 Or at 338-39. Consequently, we held that the statute unduly burdened the judiciary and therefore contravened the principle of separation of powers. 203 Or at 341. We added, however, that "the legislature may, without unduly encroaching on judicial power, provide by law for the disqualification of judges for bias or prejudice if the facts establishing such bias or prejudice are required to be stated." 203 Or at 336.

In a series of cases following *Vandenberg* we fleshed out the factors required for such judge-disqualification statutes to pass muster under separation-of-powers scrutiny. Following *Vandenberg,* the state legislature re-enacted the recusal statute that had been upheld in *U'Ren.*[2] This statute

---

[2] The history of these recusal statutes is discussed in detail in Oregon Law Review Staff, *Disqualification of Judges For Prejudice or Bias—Common Law Evolution, Current Status, and the Oregon Experience,* 48 Or L Rev 311, 360-64 (1969).

allowed disqualification of a judge for prejudice and provided that prejudice could be established

> "by motion supported by affidavit that the judge before whom the cause, matter or proceeding is pending is prejudiced against such party or attorney, or the interest of such party or attorney, so that such party or attorney can not or believes that he can not have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay * * *." Or Laws 1955, ch 408, § 1.

In *State ex rel Lovell v. Weiss,* 250 Or 252, 430 P2d 357 (1968), we again upheld this recusal provision. In doing so, however, we cautioned that mere conclusory recitations of good faith were insufficient in instances in which the judge contested recusal:

> "If we were to hold that an affidavit could, by a pro forma recital of good faith, put beyond question the issue of good faith, it would amount to a holding that good faith in fact is not necessary. Such a holding would render [this] statute unconstitutional for the same reasons that the 1947 statute before the court in *State ex rel Bushman v. Vandenberg* was unconstitutional." 250 Or at 255-56.

To guarantee that an allegation of good faith was more than simply a pro forma recital, we required that the affiant bear the burden of proof in contested cases:

> "Since the party or attorney seeking to remove a duly elected judge from the bench for the trial of one or more cases may do so only if he believes in good faith that the judge is prejudiced, it is not an undue hardship to require him, when his good faith is challenged, to show that his belief is based upon a rational ground and not upon mere pique, whimsy, or imagination.
>
> "The burden of proving good faith * * * will be satisfied if the affiant testifies that he has received information about the trial judge which, if true, reasonably could be a basis for a fear of prejudice. The affiant need not prove that the judge is prejudiced, or even prove that the evidence upon which he bases his apprehension is all true. But he must come forward with some evidence, hearsay or otherwise, from which a reasonable person could conclude that anyone possessed of such evidence might reasonably question the trial judge's impartiality in a matter." 250 Or at 257-58.

I read *Weiss* to hold that the party seeking recusal must have

the burden of adducing evidence "from which a reasonable person could conclude that anyone possessed of such evidence might reasonably question the trial judge's impartiality in a matter." 250 Or at 258.

Ten years later, in *Foster v. Zeiler*, 283 Or 255, 584 P2d 243 (1978), this court upheld a statute requiring change of the place of trial in a justice court upon motion and supporting affidavit stating that the affiant could not expect an impartial trial because of the justice's prejudice.[3] However, to ensure that the statute satisfied Article III, section 1, we declared that the procedure laid out in *Weiss* for establishing good faith was required and that *"factual allegations* must be made from which an impartial judge could find that the challenged judge was prejudiced." 283 Or at 259. (Emphasis added.) In instances where the judge contests the motion to disqualify, the Oregon Constitution requires that the burden is on the person seeking recusal to establish facts or circumstances from which a person could reasonably question the judge's impartiality. *Id.*

Finally, in *State ex rel Oliver v. Crookham*, 302 Or 533, 731 P2d 1018 (1987), we upheld yet another version of Oregon's judge-disqualification statute. The statute there at issue, identical in all material respects to that before the court in *Weiss,* required an affidavit stating that the judge was prejudiced and that the party (or the party's attorney) believed that he or she could not receive a fair and impartial hearing before the challenged judge. We specifically declined the invitation to overrule *State ex rel Lovell v. Weiss, supra.* 302 Or at 538. We retained the good faith hearing requirement and the burden of proof requirement established in *Weiss.* We also declared that "we have been overly generous in our view of the

---

[3] *Former* ORS 52.530(1), the statute at issue in *Foster v. Zeiler,* stated in pertinent part:

"The justice shall change the place of trial, on motion of either party to the action, when it appears from a supporting affidavit of the party that

"* * * * *

"(b) The justice is so prejudiced against the party making the motion that he cannot expect an impartial trial before the justice."

Though ORS 52.530 involved change of venue, while the statute under consideration here involves recusal, the same principles apply to both statutes. *Foster v. Zeiler,* 283 Or at 258 n 2.

adequacy of affidavits of prejudice. Bare allegations like the one in the present case tell the trial judge and the presiding judge nothing." 302 Or at 541. We held that "to be sufficient in the future, an affidavit supporting a motion to recuse a judge under ORS 14.250-14.270 must allege circumstances which would permit a party or attorney reasonably to believe that the party or attorney will not receive a fair trial." 302 Or at 542.

Evaluating the present statute in light of the case law laid out above, I submit that the majority reaches the wrong conclusion. The statute under consideration here does not require that the affiant state facts or circumstances supporting his or her belief that the challenged judge cannot be fair and impartial. Moreover, notwithstanding our clear holdings that the affiant bears the burden of producing sufficient evidence to cause a reasonable person to question the judges' impartiality, the statute at issue here requires no presentation of evidence and requires the challenged judge to establish the affiant's "bad faith." I read that to mean that the judge must prove that the affiant does not believe that he or she can have "a fair and impartial trial or hearing" before that judge. Proving a negative is no mean feat, especially when the facts giving rise to the belief relate to the state of mind of a party or attorney and are known to the affiant but likely not to the judge.

Oregon evidence law supports this conclusion. In *Anderson v. Palmer,* 111 Or 137, 144, 224 P 629 (1924), we held that as a general rule "[t]he duty of producing evidence rests upon the party having control of it." In *Sorenson v. Kribs,* 82 Or 130, 138, 161 P 405 (1916), we declared it "elementary that, when a fact is peculiarly within the knowledge of a party, he must, if necessary, furnish the evidence thereof." Likewise, this court in *Secretary of State v. Hanover Ins. Co.,* 242 Or 541, 549, 411 P2d 89 (1966), declared that "[t]he defendant's theory would leave the taxpayers to search for the evidence while the accountable officers look on as spectators. The state should not be put to a search for a needle in a haystack that is controlled by the [defendants]." The procedure at issue here certainly offends these principles.

ORS 14.260(1) effectively creates a peremptory challenge by sanctioning conclusory allegations of belief that a

judge is biased or prejudiced and then placing a difficult if not insurmountable burden of proof—or of "disproof"—upon the challenged judge. If the statute under consideration in *U'Ren* fell into the "twilight zone," then surely this statute has slipped into darkness altogether.

Lest I be misunderstood, let me reiterate that our precedents do not require allegations or proof that a judge is, in fact, biased or prejudiced. "Proof that the belief is correct is not required * * *." *State ex rel Oliver, supra,* 302 Or at 539. However, our precedents at minimum constitutionally require (1) an affidavit alleging that a party or attorney believe that he or she cannot receive a fair trial before that judge, and (2) where the judge contests recusal, the person asserting that belief must adduce evidence to raise a reasonable question as to the judge's impartiality.

Even under the procedure required prior to the 1987 amendments to ORS 14.260(1), many judges recused themselves rather than put a person to his or her proof of a belief of prejudice. This had deleterious effects upon judicial independence, but it was not such an undue burden as to be unconstitutional. But requiring a judge to prove that a motion to recuse was made in bad faith or for the purpose of delay makes it virtually impossible for judges to challenge disqualification. Most judges will simply yield rather than contest. This is an undue interference with judicial independence and it is no less unconstitutional here than it was in *Vandenberg.*

Our system of government requires that each department be independent and equal. The legislature has undercut this principle so substantially that its action must be deemed unconstitutional.

I therefore dissent.[4]

Campbell, J., joins in this dissent.

---

[4] Under the rule that when an amendatory section of a statute is declared unconstitutional the section thereby sought to be amended remains in full force and effect, *Skinner v. Davis,* 156 Or 174, 189, 67 P2d 176 (1937), I would find *former* ORS 14.250 and 14.160 (1) to be in effect.